IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-823-FL

| | |
|---|---|
| COY SMITH YOUNG,<br><br>        Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | ORDER |

      This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 18, 22). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. issued a memorandum and recommendation ("M&R"), (DE 25), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R, (DE 26), and defendant's response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons discussed herein, the court adopts the M&R and grants defendant's motion.

**BACKGROUND**

      Plaintiff filed an application for a period of disability and Disability Insurance Benefits on August 23, 2010, alleging disability beginning February 28, 2010. His claim was denied both initially, and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on June 25, 2012, who denied plaintiff's application by order dated July 26, 2012. Subsequently, on October 1, 2013, the Appeals Council denied review. Plaintiff filed a motion to

proceed *in forma pauperis* on November 26, 2013. On December 2, 2013, that motion was granted and the clerk filed complaint seeking review of the final administrative decision that same day. (DE 5).

## DISCUSSION

A.   Standard of Review

This court has jurisdiction to review the Commissioner's final decision denying benefits under 42 U.S.C. § 405(g) . In conducting this review, the court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "[Substantial evidence] means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the

2

record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process. This five-step process asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found plaintiff had not engaged in substantial gainful employment since February 28, 2010. At step two, the ALJ found that plaintiff had the following severe medical impairments: glaucoma and adjustment disorder. However, at step three, the ALJ determined plaintiff's severe impairments were not enough, individually or in combination, to meet or medically equal one of the listed impairments in the regulations.

Prior to proceeding to step four, the ALJ determined that plaintiff had residual functional capacity ("RFC") to perform medium work, subject to the following limitations: work that does not require fine visual acuity, but can require gross vision; no exposure to hazards such as dangerous machinery; and the ability to perform simple, routine, repetitive tasks and non-production work. At step four, the ALJ found that plaintiff is unable to perform his past relevant work. (Id. at 20).

3

Nevertheless, at step five, upon consideration of plaintiff's age, education, work experience, and RFC, in addition to the testimony of plaintiff's vocational expert ("VE"), the ALJ concluded plaintiff was capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. Accordingly, the ALJ determined plaintiff had not been under a disability, as defined in the Social Security Act, during the relevant time period. (Id. at 22).

B.     Analysis

Plaintiff suggests the ALJ erred in its RFC assessment, where it discredited plaintiff's testimony without sufficient explanation. The court disagrees. Although the ALJ technically erred in assessing plaintiff's credibility, upon consideration of the principles announced in Mascio v. Colvin, __ F.3d __, 2015 WL 1219530 (4th Cir. 2015), the court concludes that the ALJ's analytical error was harmless. Accordingly, no remand is required.

In assessing credibility, the ALJ must follow a two-step process: (1) the ALJ must determine whether the claimant's medically determinable impairments could reasonably cause the alleged symptoms, and (2) the ALJ must evaluate the credibility of the statements regarding those symptoms. Craig v. Chater, 76 F.3d 585, 594-96 (4th Cir. 1996). The evaluation must account for "all the available evidence, including the claimant's medical history, medical signs, . . .laboratory findings," "daily activities," and "medical treatment." Id. at 595 (internal quotations omitted). The decision must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996).

4

Pursuant to Mascio, the ALJ erred in this case by considering the credibility of plaintiff's testimony through the use of the following "boilerplate" language:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 25); see Mascio, 2015 WL 1219530, at *5. This method, the court observed, "'gets things backwards' by implying that ability to work is determined first and is then used to determine the claimant's credibility." Id. (quoting Bjornson v. Astrue, 671 F.3d 640, 644-45 (7th Cir. 2012)). Instead, "the ALJ here should have compared [plaintiff's] alleged functional limitations from pain to the other evidence in the record, not to [plaintiff's] residual functional capacity." Id.

Nevertheless, such error is harmless if the ALJ "properly analyzed credibility elsewhere." Id. at *6. To "properly analyze[] credibility," the court noted, the ALJ must "explain how he decided which of [plaintiff's] statements to believe and which to discredit." Id. Here, the ALJ's use of improper boilerplate language was harmless, where the ALJ expressly addressed each of plaintiff's statements to be discredited, and thoroughly explained why each lacked credibility, using medical evidence, plaintiff's own testimony, as well as inferences drawn therefrom to support its decision.

In particular, the ALJ discredited two statements highlighting the severity of plaintiff's vision problem. Plaintiff testified he could not see, specifically stating he had a "bad eye" with almost no vision (Tr. 24). Additionally, plaintiff stated he suffered from severe light sensitivity, finding it difficult to work if his environment was either too light or too dark. (Tr. 24).

5

In discrediting these statements, the ALJ addressed each in turn and applied the analysis as set out by the court. With respect to plaintiff's inability to see and its purported effect of precluding plaintiff from all work, the ALJ noted that statement was not credible because, in March 2010, plaintiff's best corrected vision in his left eye was 20/20 and in his right eye was 20/70. (Id.). The ALJ also noted that, although plaintiff's vision declined between March 2010, and January 2011, his best corrected vision was only marginally worse, with 20/40 vision in his left eye and his right eye remaining the same. (Id. at 24-25). The ALJ further noted that plaintiff had been prescribed glasses to correct any vision problems. (Id. at 25).

With regard to plaintiff's sensitivity to lighting and its asserted effect of precluding plaintiff from all work, the ALJ discredited that statement, because plaintiff previously had testified he frequently went to his church to help clean, or otherwise perform manual labor. (Id.). The ALJ inferred from plaintiff's testimony that if plaintiff could tolerate the light inside of his church, he would be able to tolerate the lighting found in some places of work. (Id.).

Thus, where the ALJ identified plaintiff's statements which lacked credibility, and then performed a statement-by-statement analysis, using evidence and testimony, as well as the inferences drawn therefrom, to explain why those statements were not credible, the court determines that the ALJ's additional use of improper boilerplate language was harmless. Accordingly, the decision of the commissioner must be affirmed.

## CONCLUSION

Upon *de novo* review of the portions of the M&R to which specific objections were raised, and upon considered review of the remainder thereof, the court DENIES plaintiff's motion for

judgment on the pleadings (DE 18), GRANTS defendant's motion for judgment on the pleadings (DE 22), and AFFIRMS the decision of the Commissioner.

SO ORDERED, this the 27th day of March, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge